UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 2:23-cv-1238

STEPHEN D. MORROW,
    *Plaintiff*,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, and
DISCOVER BANK.
    *Defendants*.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff Stephen D. Morrow ("Plaintiff") sues Defendant Experian Information Solutions, Inc., Defendant Equifax Information Services, LLC, and Defendant Trans Union LLC for failing to conduct a reasonable investigation into a written dispute in violation of 15 U.S.C. §1681i of the Fair Credit Reporting Act ("FCRA") and for preparing and publishing reports to third-parties after failing to follow reasonable procedures to ensure maximum possible accuracy in violation of 15 U.S.C §1681e of the FCRA.

2. Plaintiff sues Defendant Discover Bank ("Discover") for furnishing inaccurate/incomplete/misleading information, and for failing to conduct a reasonable re-investigation of Plaintiff's disputes as to the inaccurate information, in violation of 15 U.S.C. §1681s-2(b) of the FCRA and for illegal debt collection practices in violation of Fla. Stat. §559.72(9) (hereinafter the "FCCPA").

## I.     JURISDICTION AND VENUE

3. This action arises out of the Defendants' violations of the FCRA, over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p. This Court also has supplemental jurisdiction as to Defendant Discover's violation of the FCCPA pursuant to 28 U.S.C. §1367.

4. Venue in the United States District Court for the Middle District of Florida is proper under 28 U.S.C. §1391(b) insofar as all of the Defendants regularly and purposefully conduct business within the County of Collier, State of Florida, thereby establishing personal jurisdiction.

5. A substantial part of the events or omissions giving rise to the claims occurred in County of Lee, State of Florida, and witnesses reside within County of Lee, State of Florida. Therefore, venue properly lies in the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

## II.     PARTIES

### A. Plaintiff Stephen D. Morrow

6. Plaintiff is an individual, *sui juris*, and a natural person and citizen of the State of Florida, with his permanent place of residence in Lee County, Florida.

7. Insofar as Plaintiff is a natural person, he is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and is protected by the provisions of Fla. Stat. §§559.55-559.785.

### B. Defendant Experian Information Solutions Inc.

8. Defendant Experian Information Solutions Inc. ("Experian") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

9. Experian's registered agent for service of process is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10. Experian is a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. Experian is a "consumer reporting agency" as that phrase is defined by by 15 U.S.C. § 1681a(f) insofar as it regularly engages, in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

12. Experian's primary business purpose is the sale of consumer reports ("credit reports") to third parties and consumers.

13. Experian has a duty, under the FCRA to follow reasonable procedures to ensure that the consumer reports that they sell meet the standard of "maximum possible accuracy" pursuant to 15 U.S.C. §1681(e)(B).

C. **Defendant Equifax Information Services, LLC**

14. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

15. Equifax's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

16. Equifax is a "person" as that term is defined by 15 U.S.C. §1681a(b).

17. Equifax is a "consumer reporting agency" as that phrase is defined by 15 U.S.C. § 1681a(f) insofar as it regularly engages, in whole or in part, for monetary fees, dues, or on a

cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

18. Equifax's primary business purpose is the sale of consumer reports ("credit reports") to third parties and consumers.

19. Equifax has a duty, under the FCRA to follow reasonable procedures to ensure that the consumer reports that they sell meet the standard of "maximum possible accuracy" pursuant to 15 U.S.C. §1681(e)(B).

**D. Defendant Trans Union LLC**

20. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 West Adams Street, Chicago, IL 6066.

21. Trans Union's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

22. Trans Union is a "person" as that term is defined by 15 U.S.C. §1681a(b).

23. Trans Union is a "consumer reporting agency" as that phrase is defined by 15 U.S.C. § 1681a(f) insofar as it regularly engages, in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

24. Trans Union's primary business purpose is the sale of consumer reports ("credit reports") to third parties and consumers.

25. Trans Union has a duty, under the FCRA to follow reasonable procedures to ensure that the consumer reports that they sell meet the standard of "maximum possible accuracy" pursuant to 15 U.S.C. §1681(e)(B).

**E. Defendant Discover Bank**

26. Defendant Discover Bank ("Discover") is a foreign entity and member FDIC organized and existing under the laws of the State of Delaware and with its principal place of business located in the State of Illinois.

27. Discover Bank is an FDIC-insured bank owned and operated by Discover Financial Services.[1]

28. Discover's address for service of process is care of its registered agent C T Corporation located at 1200 South Pine Island Road, Plantation, Florida 33324.[2]

29. Discover is a "person" as that term is defined by 15 U.S.C. §1681a(b).

30. Discover is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumer(s).

31. Discover is also a "person" as contemplated by Fla. Stat. §559.72.

---

[1] *Is Discover a Bank?*, https://www.discover.com/online-banking/faq/#:~:text=Discover%20Bank%20is%20an%20FDIC,operated%20by%20Discover%20Financial%20Services. (last visited December 29, 2023).
[2] *Florida*, https://www.discover.com/company/our-company/assets/registered-agents.html (last visited December 29, 2023).

### III.   FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**A. The State Court Lawsuit and Fraud Allegations**

32. On or around April 27, 2023, Discover filed a lawsuit against the Plaintiff alleging that Plaintiff owed more than $10,000.00 on a defaulted loan purportedly issued by Discover to the Plaintiff. (Exhibit A, attached hereto and incorporated by reference herein).

33. The loan at issue in Discover's lawsuit was not actually issued to the Plaintiff; rather, it was procured by fraud and opened without the Plaintiff's knowledge or consent.

34. Upon learning about the fraudulent account, Plaintiff immediately filed a police report with the Cape Coral Police Department. (Exhibit B, attached hereto and incorporated by reference herein).

35. The Cape Coral Police Department notified Discover shortly after Plaintiff notified the police of the fraud. (Exhibit B).

36. Plaintiff also advised Discover that the credit card debt was procured because of fraud via Plaintiff's counsel; Plaintiff's counsel communicated to Discover's counsel that Plaintiff had not received or used the funds associated with the loan, nor had he authorized the loan's initiation or use by another individual. (Exhibit C, attached hereto and incorporated by reference herein).

37. Based upon Plaintiff's allegations, Discover commenced its own investigation to determine whether the loan was procured via fraud.

38. On or around June 19, 2023, Discover sent a letter to the Plaintiff confirming that Plaintiff was not responsible for the debt and promising to remove the Discover Bank tradeline from Plaintiff's credit report within sixty days (hereinafter the "letter"). (Exhibit D, attached hereto and incorporated by reference herein).

39. After a thorough investigation by both the Plaintiff and Discover, it was determined that the debt was a result of fraud and Discover ultimately dismissed its lawsuit against the Plaintiff on or around August 1, 2023 as a result thereof. (Exhibit A).

**B. Damage to Plaintiff's Credit**

40. Plaintiff owns and operates a commercial construction business in Lee County, Florida; as part of furthering his day-to-day business needs and operations, Plaintiff often needs to purchase, repair, and replace expensive and custom construction equipment.

41. On or around August 21, 2023 – more than sixty days after Discover sent Plaintiff the letter promising to remove the Discover Bank tradeline from Plaintiff's credit report - Plaintiff needed to purchase a skiff for an upcoming construction project.

42. Construction skiffs are generally custom built and due to the custom nature, expensive to purchase.

43. Believing that the issue with the fraudulent debt was behind him, Plaintiff ordered a skiff in anticipation of an upcoming construction project.

44. The cost of the skiff was approximately $120,000.00; given the high price tag, Plaintiff later decided that he wanted to finance the skiff to use less of his operating capital cash reserves and retain more cash on hand for future business opportunities.

45. Prior to completion of the skiff, and at least sixty days after the letter was sent to the Plaintiff, the Plaintiff visited his local banking institution and met with his banker to discuss the financing options available for the skiff purchase.

46. On information and belief, Plaintiff's banker pulled Plaintiff's credit report and saw that there was a negative tradeline report associated with an approximate $10,000 debt owed to Discover; this was the only negative information appearing on Plaintiff's credit report.

47. After seeing the Discover Bank tradeline Plaintiff's banker immediately advised Plaintiff not to apply for financing insofar as he would likely either be rejected due to the negative tradeline or be approved at an extraordinarily high interest rate due to the negative tradeline.

48. Plaintiff had a long-standing relationship with the bank and thus heeded the banker's advice and left the bank without pursuing any financing options.

49. Given Plaintiff's lack of access to affordable financing, Plaintiff was forced to use his cash reserves to pay for the skiff to ultimately keep his business operating which caused him to lose the ability to invest those cash reserves in future business opportunities.

**C. Discover's Illegal Debt Collection**

50. At some point, Plaintiff began receiving communications from a collection agency named Financial Recovery Services Inc. trying to collect the same debt from the Plaintiff that Discover had indicated Plaintiff was not responsible for. (Exhibit E, attached hereto and incorporated by reference herein).

51. Discover knew or should have known that Plaintiff was not responsible for the debt that it was attempting to collect.

52. It is clear that Discover intentionally sent the account out for collections contrary to the representations set forth in its letter indicating that Plaintiff was not responsible for the account or the debt associated therewith.

**D. Tradeline Dispute**

53. Soon thereafter, Plaintiff disputed the tradeline with each of the Defendants listed in the present matter.

54. In response to the Plaintiff's dispute, and despite Discover's knowledge of the fraud, Discover and the other named Defendants refused to remove the defective tradeline and indicated that the tradeline was correct. (Exhibit F, attached hereto and incorporated by reference herein).

55. As of the date of this Complaint, the Defendants continue to falsely report that the Discover Bank debt belongs to and is owed by the Plaintiff rather than delete the tradeline as promised by Discover in the letter.

56. For reasons unknown, Discover, TransUnion, Experian and Equifax continue to report false, inaccurate, or incomplete information about Plaintiff and the account.

57. TransUnion, Experian, Equifax, and Discover have failed to utilize an internal process that ensured the maximum possible accuracy of the information they were reporting about the Plaintiff.

58. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants TransUnion, Equifax, Experian, and Discover.

59. Plaintiff has suffered and continues to suffer damages as a result of the actions of TransUnion, Equifax, Experian and Discover.

**COUNT I – VIOLATION OF 15 U.S.C. §1681e**
**(against Defendant Experian Information Solutions Inc.)**

60. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

61. After receiving the written dispute from the Plaintiff, Experian failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

62. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff, in violation of 15 U.S.C. §1681e(b).

63. Plaintiff has suffered actual damages as a result of the actions and inactions of Experian including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

64. Insofar as Experian's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Experian, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

65. Alternatively, Plaintiff is entitled to seek, and does seek from Experian, damages pursuant to 15 U.S.C. §1681o based upon Experian's negligent conduct, actions, and inactions.

66. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – VIOLATION OF 15 U.S.C. §1681i
### (against Defendant Experian Information Solutions Inc.)

67. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

68. After receiving Plaintiff's written dispute, Experian failed to correct the false information it was reporting on Plaintiff's credit report.

69. Experian failed to delete inaccurate information in Plaintiff's credit files after receiving written and actual notice of the inaccuracies, in violation of 15 U.S.C. §1681i.

70. Experian failed to maintain reasonable procedures by which it could verify disputed information in Plaintiff's credit report and credit files, in violation of 15 U.S.C. §1681i.

71. Experian failed to provide Plaintiff with a description of the procedures it used to verify and determine the accuracy and completeness of the disputed information, in violation of 16 U.S.C. §1681i.

72. Plaintiff has suffered actual damages as a result of the actions and inactions of Experian including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

73. Insofar as Experian's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Experian, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

74. Alternatively, Plaintiff is entitled to seek, and does seek from Experian, damages pursuant to 15 U.S.C. §1681o based upon Experian's negligent conduct, actions, and inactions.

75. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – VIOLATION OF 15 U.S.C. §1681e**
**(against Defendant Equifax Information Solutions, LLC)**

76. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

77. After receiving the written dispute from the Plaintiff, Equifax failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

78. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff, in violation of 15 U.S.C. §1681e(b).

79. Plaintiff has suffered actual damages as a result of the actions and inactions of Equifax including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

80. Insofar as Equifax's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Equifax, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

81. Alternatively, Plaintiff is entitled to seek, and does seek from Equifax, damages pursuant to 15 U.S.C. §1681o based upon Equifax's negligent conduct, actions, and inactions.

82. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – VIOLATION OF 15 U.S.C. §1681i
### (against Defendant Equifax Information Solutions, LLC)

83. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

84. After receiving Plaintiff's written dispute, Equifax failed to correct the false information it was reporting on Plaintiff's credit report.

85. Equifax failed to delete inaccurate information in Plaintiff's credit files after receiving written and actual notice of the inaccuracies, in violation of 15 U.S.C. §1681i.

86. Equifax failed to maintain reasonable procedures by which it could verify disputed information in Plaintiff's credit report and credit files, in violation of 15 U.S.C. §1681i.

87. Equifax failed to provide Plaintiff with a description of the procedures it used to verify and determine the accuracy and completeness of the disputed information, in violation of 16 U.S.C. §1681i.

88. Plaintiff has suffered actual damages as a result of the actions and inactions of Equifax including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

89. Insofar as Equifax's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Equifax, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

90. Alternatively, Plaintiff is entitled to seek, and does seek from Equifax, damages pursuant to 15 U.S.C. §1681o based upon Equifax's negligent conduct, actions, and inactions.

91. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – VIOLATION OF 15 U.S.C. §1681e
### (against Defendant Trans Union LLC)

92. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

93. After receiving the written dispute from the Plaintiff, Trans Union failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

94. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff, in violation of 15 U.S.C. §1681e(b).

95. Plaintiff has suffered actual damages as a result of the actions and inactions of Trans Union including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

96. Insofar as Trans Union's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Trans Union, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

97. Alternatively, Plaintiff is entitled to seek, and does seek from Trans Union, damages pursuant to 15 U.S.C. §1681o based upon Trans Union's negligent conduct, actions, and inactions.

98. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Trans Union pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VI – VIOLATION OF 15 U.S.C. §1681i**
**(against Defendant Trans Union LLC)**

99. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

100. After receiving Plaintiff's written dispute, Trans Union failed to correct the false information it was reporting on Plaintiff's credit report.

101. Trans Union failed to delete inaccurate information in Plaintiff's credit files after receiving written and actual notice of the inaccuracies, in violation of 15 U.S.C. §1681i.

102. Trans Union failed to maintain reasonable procedures by which it could verify disputed information in Plaintiff's credit report and credit files, in violation of 15 U.S.C. §1681i.

103. Trans Union failed to provide Plaintiff with a description of the procedures it used to verify and determine the accuracy and completeness of the disputed information, in violation of 16 U.S.C. §1681i.

104. Plaintiff has suffered actual damages as a result of the actions and inactions of Trans Union including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

105. Insofar as Trans Union's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Trans Union, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

106. Alternatively, Plaintiff is entitled to seek, and does seek from Trans Union, damages pursuant to 15 U.S.C. §1681o based upon Trans Union's negligent conduct, actions, and inactions.

107. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Trans Union pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – VIOLATION OF 15 U.S.C. §1681s-2(b)
### (against Defendant Discover Bank)

108. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

109. After receiving Plaintiff's written dispute, Discover Bank failed to correct the false and inaccurate information it reported on Plaintiff's credit report regarding the amount allegedly owed to Discover Bank by Plaintiff.

110. Discover Bank failed to fully and properly investigate Plaintiff's written dispute, in violation of 15 U.S.C. §1681s-2(b).

111. Discover Bank failed to properly review all relevant information regarding Plaintiff's written dispute, in violation of 15 U.S.C. §1681s-2(b).

112. Discover Bank failed to accurately respond to credit reporting agencies, in violation of 15 U.S.C. §1681s-2(b).

113. Discover Bank verified false information regarding the Plaintiff in violation of 15 U.S.C. §1681s-2(b).

114. Discover Bank failed to take steps to permanently and lawfully correct its own internal records to prevent the dissemination or re-reporting of false representations to the consumer credit reporting agencies, in violation of 15 U.S.C. §1681s-2(b).

115. Plaintiff has suffered actual damages as a result of the actions and inactions of Discover Bank including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

116. Insofar as Discover Bank's actions and inactions were willful and intentional in nature, Plaintiff is entitled to seek, and does seek from Discover Bank, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

117. Plaintiff is also entitled to seek, and does seek from Discover Bank, damages pursuant to 15 U.S.C. §1681o based upon Discover Bank's grossly negligent conduct, actions, and inactions.

118. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Discover Bank pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII – VIOLATION OF FLA. STAT. §559.72(9)
**(against Defendant Discover Bank)**

119. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

120. After conducting a thorough investigation, Discover Bank determined that the account opened in Plaintiff's name was procured by fraudulent means and, as a result thereof, Plaintiff did not owe the debt associated therewith to Discover Bank. (Exhibit B).

121. Notwithstanding Discover Bank's findings, and in derogation of the promises contained in Exhibit B, Discover Bank instituted pre-lawsuit collection activity against the Plaintiff in an attempt to collect the debt from Plaintiff. (Exhibit C).

122. Fla. Stat. §559.72(9) states that no person shall "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

123. Discover Bank attempted to collect from Plaintiff a debt that Discover Bank knew was not legitimate, as indicated in its letter to Plaintiff, in violation of Fla. Stat. §559.72(9).

124. Given Discover Bank's prior investigation and knowledge, Discover Bank's attempts to collect the debt from Plaintiff were knowing, willful, and intentional and in gross violation of the Florida Consumer Collections Practices Act.

125. The Plaintiff has suffered damages as a result of the actions of Discover Bank and thus is entitled to damages as set forth in Fla. Stat. §559.77.

126. Insofar as Discover Bank's actions and inactions were willful and intentional in nature, Plaintiff is entitled to seek, and does seek from Discover Bank, statutory damages pursuant to Fla. Stat. §559.77.

127. Plaintiff is also entitled to seek, and does seek from Discover Bank, damages pursuant to Fla. Stat. §559.77 based upon Discover Bank's grossly negligent conduct, actions, and inactions.

128. Plaintiff has suffered actual damages as a result of the actions and inactions of Discover Bank including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

129. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Discover Bank pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, all premises considered, Plaintiff seeks a reasonable and fair judgment against Defendants Experian, Equifax, and Trans Union for willful noncompliance of the Fair Credit Reporting Act, and seeks remedies as set forth in 15 U.S.C. §1681, and Discover Bank for willful noncompliance with the Fair Credit Reporting Act and the Florida Consumer Collection Practices Act, and seeks remedies as set forth in 15 U.S.C. §1681 and Fla. Stat. §559.77, respectively, and demands:

a. Trial by jury;

b. Actual damages to be proven at trial, and statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation for each Defendant;

c. Punitive damages, pursuant to 15 U.S.C. §1681n(a)(2) for each Defendant's willful violation;

d. Actual damages to be proven at trial, and statutory damages pursuant to Fla. Stat. §559.77, of not less than $100 and not more than $1,000 per violation for Discover Bank;

e. The costs associated with bringing the above-captioned cause of action, as well as reasonable attorneys' fees incurred by the Plaintiff, pursuant to 15 U.S.C. §1681n(a)(3) and Fla. Stat. §559.77, as applicable; and

f. For any and all other relief that this honorable Court deems just and proper.

Dated: December 29, 2023

Respectfully submitted by:

/s/ Shera E. Anderson, Esq.

**Shera E. Anderson, Esq.**
Attorney for the Plaintiff
Shmucher Law P.L.
20801 Biscayne Blvd. #403
Miami, FL 33180
Phone: (954) 309-5559
Email: Shera_Anderson@outlook.com